IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JATERA CORP., et al., § | |
|     Plaintiffs, § | |
| § | |
| v. § | Civ. Action No. 3:16-CV-0242-K |
| § | |
| U.S. BANK NATIONAL ASSOC., § | |
| et al., § | |
|     Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are: (1) Plaintiffs' Motion for Summary Judgment (Doc. No. 22); and (2) Defendants' Motion for Summary Judgment (Doc. No. 38). After careful consideration of the competing motions, the responses, the replies, the supporting appendices and the applicable law, the Court **DENIES** Plaintiffs' motion and **GRANTS** Defendants' motion.

## I. Factual and Procedural Background

This case arises from foreclosure proceedings related to the real property located at 2207 Trinidad Drive, Dallas, Texas 75232 ("the Property"). The Property was purchased in May 2005 by Marvin Wooten through the signing of a Texas Home Equity Fixed/Adjustable Rate Note ("the Note") in the amount of $99,200.00. To secure payment on the Note, both Mr. Wooten and his wife, Esther Wooten (referred to in Court documents as "Esther Moore", her newly married name), signed a Texas Home Equity Security Instrument ("the Security Instrument"). U.S Bank National Association

("U.S. Bank"), as Trustee for the Registered Holders of Citigroup Mortgage Loan Trust, Asset-Backed Pass-Through Certificates, Series 2005-HE3, then became the owner and holder of the Note and Security Interest. After Mr. Wooten passed away in April 2008, his children transferred their interest in the Property to Ms. Wooten. Shortly thereafter, Ms. Wooten fell behind on her mortgage payments, and in March 2010, U.S. Bank's then-loan servicer, BAC Home Loans Servicing, notified her of its intent to accelerate the Note ("the March 2010 Acceleration").

In an effort to obtain a court order permitting foreclosure on the Property, U.S. Bank filed an action in state court, to which Ms. Wooten ultimately consented when she signed an Agreed Final Judgment in November 2011. Around January 2012, Ms. Wooten moved out of the Property and signed a one-year lease at the Potter's House apartments. Ms. Wooten claims she took such action in reliance on the March 2010 Acceleration and Defendants' steadfast pursuit of foreclosure.

In November 2012, U.S. Bank's new loan servicer, Select Portfolio Servicing, Inc. ("SPS") sent a new Notice of Default to Ms. Wooten, informing her that she could cure her default by making a payment of $38,343.99. The Notice further stated that if no payment was received by December 2012, the Note would be re-accelerated. While no payment was made, receipt of this notice and other requests for payment from SPS was confirmed by Ms.

Wooten's correspondence to the judge that had presided in the state court foreclosure proceeding. In March 2015, Ms. Wooten conveyed her interest in the Property to ScoJo Solutions, LLC ("ScoJo") through a Special Warranty Deed executed in March 2015, as evidenced by the document itself. One month later, ScoJo transferred its interest in the Property to Jatera Corporation ("Jatera").

After SPS re-initiated foreclosure proceedings, Jatera filed its Original Petition against U.S. Bank and SPS (collectively "Defendants") in state court, seeking a judgment declaring that the lien on the Property is void because Defendants failed to initiate foreclosure proceedings within the four-year limitations period. Defendants removed the case to federal court on the basis of diversity jurisdiction. Thereafter, Jatera filed an amended complaint seeking the same declaratory relief, but included the assertion that Ms. Wooten's detrimental reliance on the acceleration prevented Defendants from attempting to abandon the acceleration in November 2012. After Ms. Wooten was added as a plaintiff, she filed a complaint seeking a judgment declaring Defendants' lien on the Property null and void and/or quieting title in Jatera's name, also on the grounds that Defendants failed to foreclose on the Property within the four-year limitations period. Plaintiffs also seek actual damages, court costs, and attorney's fees. Both parties have moved for summary judgment on all claims.

## II. Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Whether a fact is "material" is determined by the substantive law governing the dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A party moving for summary judgment has the initial burden of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* (citation omitted). "[U]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Nuwer v. Mariner Post-Acute Network*, 332 F.3d 310, 313 (5th Cir. 2003). Nevertheless, when ruling on a motion for summary judgment, the

court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Matsushita*, 475 U.S. at 587.

## III. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants move for summary judgment on both Ms. Wooten's and Jatera's claims on the grounds that the statute of limitations did not expire because U.S. Bank abandoned the March 2010 Acceleration when it demanded that Ms. Wooten pay less than the total amount owed in November 2012. Defendants further argue that under Texas law no detrimental reliance exception exists to a lender's ability to unilaterally abandon acceleration, and that even if it did, Ms. Wooten did not detrimentally rely on the March 2010 Acceleration. As to Ms. Wooten's claims, Defendants argue summary judgment is appropriate because: (1) she has no interest in the Property, and therefore lacks standing; and (2) given her execution of the Agreed Judgment, she is prevented from bringing her claims by estoppel based in law, estoppel, and waiver. Regarding Jatera's claim, Defendants argue summary judgment is warranted because Jatera took title to the Property subject to the recorded deed of trust. Additionally, Defendants claim that Jatera cannot use the detrimental reliance of another party, in this case Ms. Wooten, to establish its superior title. Lastly, Defendants argue that Plaintiffs' request for actual damages and attorneys' fees fails because attorneys' fees are not permitted

under the federal Declaratory Judgment Act, and Plaintiffs' claims for declaratory relief to do provide support for a claim for actual damages.

In response, Plaintiffs contend that Texas law prohibits a lender from unilaterally abandoning acceleration of a note if the borrower detrimentally relies on the acceleration. Specifically, because Ms. Wooten detrimentally relied on the March 2010 Acceleration, Plaintiffs argue that Defendants were estopped from abandoning the acceleration and required to foreclose on the Property in March 2014, which they failed to do. As for Ms. Wooten's claims, Plaintiffs maintain that she has standing because she "maintains rights to the property by virtue of the agreement between the parties." In support of this argument, Plaintiffs note that: (1) Ms. Wooten warranted title when she transferred the Property; and (2) the parties agreed to re-convey the Property to Ms. Wooten if this lawsuit fails, or pay her consideration if the lawsuit succeeds. Plaintiffs also argue that Rule 736.9 of the Texas Rules of Civil Procedure prevents Defendants from using the Agreed Judgment for estoppel or waiver purposes. Regarding Jatera's claims, Plaintiffs argue that because Defendants failed to foreclose on the Property within the limitations period, the lien was already invalidated when it was transferred to ScoJo in March 2015. Additionally, Plaintiffs contend that Ms. Wooten assigned her claims to Jatera, and therefore, Jatera may assert Ms. Wooten's detrimental reliance as

its own. Plaintiffs concede, however, that attorneys' fees are not recoverable in this lawsuit.

### A. Ms. Wooten's Claims

*1. Quiet Title*

As previously mentioned, Ms. Wooten seeks to quiet title in Jatera's name on the grounds that Defendants failed to foreclose on the Property within the four-year limitations period. Defendants move for summary judgment on these claims, arguing, *inter alia*, that because Ms. Wooten transferred her interest in the Property to ScoJo, she lacks standing to bring these claims.

"[A] suit to quiet title is an equitable action that involves clearing a title of an invalid charge against the title." *Cruz v. CitiMortgage, Inc.*, No. 11-CV-2871-L, 2012 WL 1836095, at *4 (N.D. Tex. May 21, 2012) (Lindsay, J.) (emphasis omitted). An individual holding "the feeblest equity" has standing to quiet title, and may use a quiet title action to "remove . . . any unlawful hindrance having the appearance of better right." *Bell v. Ott*, 606 S.W.2d 942, 952-53 (Tex. App.—Waco 1980, writ ref'd n.r.e.) (quoting *Thomson v. Locke*, 1 S.W. 112, 115 (1886)). In Texas, the elements of a suit to quiet title are: "(1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." *Metcalf v. Deutsche Bank Nat'l Tr. Co.*, No. 3:11-CV-3014-D,

2012 WL 2399369, at *7 (N.D. Tex. June 26, 2012) (Fitzwater, C.J.). The plaintiff has the burden of "supplying the proof necessary to establish his superior equity and right to relief," and "must prove, as a matter of law, right, title, or ownership in himself with sufficient certainty to enable the court to see that he has a right of ownership and that the alleged adverse claim is a cloud on the title that equity will remove." *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). The plaintiff must "prove and recover on the strength of his own title, not the weakness of his adversary's title." *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001, no pet.).

In support of its motion, Defendants attach the special warranty deed, dated March 2, 2015, by which Ms. Wooten transferred her entire interest in the Property to ScoJo. With this showing, the burden shifted to Plaintiffs to show a genuine issue of fact regarding Ms. Wooten's retention of an interest in the Property. *See Matsushita*, 475 U.S. at 587. In response, Plaintiffs acknowledge Ms. Wooten's transfer of the Property to ScoJo, and baldly state that Ms. Wooten's interest is evidenced by the fact that she warranted title. Plaintiffs do not explain, however, why the fact that Ms. Wooten warranted title gives her an interest in the Property. *See Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) ("In response to a properly supported motion for summary judgment, the nonmovant must

8

identify specific evidence in the record and *articulate the manner in which that evidence supports that party's claim*.") (emphasis added). The Court finds this argument is without merit.

In further support of their argument Ms. Wooten has standing, Plaintiffs proffer the declaration of Mr. Horne, who avers that "the agreement" between ScoJo and Jatera "allows the re-conveyance of the property back to Mrs. Wooten if the liens were not substantially mitigated . . . [and] entitled [her] to be compensated, if and only if, the liens are substantially mitigated." However, the Horne Declaration does not create a genuine issue of fact. Importantly, "a promise relating to the sale of real estate . . . must be in writing and signed by the party to be bound to satisfy the Texas statute of frauds." *Shaukath v. Select Portfolio Servicing, Inc.*, No. H-16-1021, 2017 WL 2573406, at *3 (S.D. Tex. June 14, 2017) (citing *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013)); *see* TEX. BUS. & COMM. CODE ANN. § 26.01(b)(4); *see also Edward Scharf Assocs. v. Skiba*, 538 S.W.2d 501, 502 (Tex. App.—Waco 1976) ("The effect of the Statute of Frauds is to render unavailing to the parties, as the ground of a claim, any parol contract, in whatever shape it may be put, by which either [party] is to part with real estate.").

While Mr. Horne does not explain what "the agreement" is, the fact that it concerned the sale and transfer of real property requires it to be in

9

writing.  *Shaukath*, 2017 WL 2573406, at *3; *Skiba*, 538 S.W.2d at 502. However, the only documents in the record evidencing any agreement between Ms. Wooten, ScoJo, and Jatera are the warranty deeds, neither of which makes any mention of the agreement described in the Horne Declaration.  Moreover, in response to Defendants' discovery request seeking all documents evidencing an agreement between Ms. Wooten and Jatera, Plaintiffs stated that no such documents exist.  Thus, to the extent the purported agreement exists between Ms. Wooten and Jatera, it is not in writing, and therefore it is barred by the statute of frauds.  *Shaukath*, 2017 WL 2573406, at *3; *Skiba*, 538 S.W.2d at 502.  The Court finds Mr. Horne's averment merely amounts to an assertion that Ms. Wooten's interest in the Property is evidenced by an unenforceable agreement.  Such evidence is insufficient to rebut Defendants' showing that Ms. Wooten has no interest in the Property.

In addition to the evidence before the Court, it is worth noting that Ms. Wooten seeks to quiet title in Jatera's name, not in her own name. *cf. Hurd v. BAC Home Loans Servicing, LP,* 880 F.Supp.2d 747, 766-77 (N.D. Tex. 2012) (Ramirez, J.) ("In a suit to quiet title, a plaintiff must allege right, title, or ownership *in himself or herself* with sufficient certainty to enable the court to see [that] *he or she has a right of ownership* that will warrant judicial interference.") (emphasis added), *adopted by* 880 F.Supp.2d 747 (N.D. Tex. 2012) (Lynn, J.).

The record before the Court shows that Ms. Wooten transferred her interest in the Property to ScoJo. Plaintiffs' evidence, including the Horne Declaration, fails to create a genuine issue of material fact concerning Ms. Wooten's retention of an interest in the Property. Because Plaintiffs have failed to present competent evidence showing that Ms. Wooten has an interest in the Property, Defendants are entitled to summary judgment on Ms. Wooten's quiet title claim. *See Merchant v. PHH Mortg. Corp.*, No. 12-12-00261, 2013 WL 5593493, at *5 (Tex. App.—Tyler 2013) ("Because Merchant was no longer the owner of the subject property, he did not have standing to bring a suit to quiet title."); *Bell*, 606 S.W.2d at 948, 953 (finding plaintiff could not maintain suit to quiet title where he admitted that he did not own any interest in the disputed properties).

### 2. Declaratory Judgment

For the same reasons underlying her quiet title claim, Ms. Wooten also seeks a judgment declaring Defendants' lien on the Property null and void. When a state-filed declaratory judgment action is removed to federal court, it is converted into an action brought under the federal Declaratory Judgment Act. 28 U.S.C. § 2201; *Turner v. AmericaHomeKey, Inc.*, No. 11-CV-0860-D, 2011 WL 3606688, at *5 n.11 (N.D. Tex. Aug. 16, 2011) (Fitzwater, C.J.). The Declaratory Judgment Act provides that a federal court may declare the rights and legal relations of any interested party. However, the availability of a

declaratory judgment depends upon the existence of an underlying judicially remediable right. *Schilling v. Rogers*, 363 U.S. 666, 677 (1960). Because Ms. Wooten's only substantive claim fails, she is not entitled to any relief under the Declaratory Judgment Act. *See Mba v. HSBC Bank USA N.A.*, No. 13-CV-4769-L, 2015 WL 9701152, at *3 (N.D. Tex. Dec. 4, 2015) (Toliver, J.) (granting defendant's motion for summary judgment on plaintiffs' declaratory judgment claim where plaintiffs' substantive claims failed), *adopted by* 2016 WL 147889 (Lindsay, J.).

### B. Jatera's Declaratory Judgment Claim

Jatera also seeks a judgment declaring Defendants' lien on the Property null and void on the grounds that Defendants failed to foreclose on the Property within the four-year limitations period. Specifically, Jatera contends that Defendants' efforts to abandon the acceleration in November 2012 were ineffective since Ms. Wooten had already detrimentally relied on the March 2010 Acceleration. In moving for summary judgment on this claim, Defendants argue that Jatera took title subject to Defendants' lien and that Jatera cannot assert detrimental reliance by Ms. Wooten as a basis for establishing its own superior title.

*1. Abandonment of Acceleration*

Under Texas law, "[a] person must bring suit for the recovery of real property under a real property lien or the foreclosure of a real property lien not

later than four years after the day the cause of action accrues." TEX. CIV. PRAC. & REM. CODE ANN. § 16.035(a). Upon the expiration of this four-year period, "the real-property lien and the power of sale to enforce the lien become void." *Id.* at § 16.035(d). If the noteholder has the option to accelerate, then the date of accrual is the date that the holder exercises the option. *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001). However, the running of the limitations period may be halted by the abandonment of the acceleration, which is not restarted until the noteholder again advises the homeowners of its intent to accelerate. *Boren v. U.S. Nat'l Bank Ass'n*¸ 807 F.3d 99, 106 (5th Cir. 2015); *Khan v. GBAK Props., Inc.*, 371 S.W.3d 347, 353 (Tex. App.—Houston [1st Dist.] 2012). This may be done by agreement or by a noteholder's unilateral actions. *Holy Cross*, 44 S.W.3d at 566-67; *Misczak v. Deutsche Bank Nat'l Tr. Co.*, No. 3:15-CV-381-O, 2016 WL 3647658, at *2 (N.D. Tex. Feb. 12, 2016) (O'Connor, J.). A noteholder sending the borrower an account statement requesting payment of less than the full amount of the accelerated debt constitutes "an unequivocal expression of the [noteholder's] intent to abandon or waive its initial acceleration." *Martin v. Fed. Nat'l Mortg. Ass'n*, 814 F.3d 315, 318 (5th Cir. 2016).

In March 2010, Ms. Wooten was notified that her debt had been accelerated, and payment was demanded in the amount of $116,575.80. Doc. No. 1-1 at 67. Then, in November 2012, well within the four-year statute of

13

limitations, SPS sent Ms. Wooten a new Notice of Default informing her that she could cure her default by paying $38,343.99. Doc. No. 40 at 109-110. This new account statement requesting far less than the full amount of accelerated debt unequivocally manifested U.S. Bank's intent to abandon the March 2010 Acceleration. *Martin*, 814 F.3d at 318. The question then becomes whether this unilateral abandonment was rendered ineffective by a "detrimental reliance exception."

*2. Detrimental Reliance*

The so-called "detrimental reliance exception" to a noteholder's right to unilaterally abandon acceleration was first pronounced in *Swoboda v. Wilshire Credit Corp.*, 975 S.W.2d 770, 777 (Tex. App.—Corpus Christi 1998) ("[T]he election to accelerate can be revoked or withdrawn at any time, so long as the debtor has not detrimentally relied on the acceleration."), *disapproved of on other grounds by Holy Cross*, 44 S.W.3d 562 (Tex. 2001). No court has ruled in favor of a plaintiff on the basis of the detrimental reliance exception. Several Texas courts and federal courts applying Texas law have recognized case law supporting its existence. *See, e.g., Nunnery v. Ocwen Loan Serv., L.L.C.*, 641 F. App'x 430, 433 (5th Cir. 2016) (per curiam) ("Texas' intermediate appellate courts are in agreement that the holder of a note may unilaterally abandon acceleration after its exercise, so long[ ] as the borrower neither objects to abandonment nor has detrimentally relied on the acceleration."); *Boren v. U.S.*

14

*Nat. Bank Ass'n*, 807 F.3d 99, 105 (5th Cir. 2015) (same); *Justice v. Wells Fargo Bank Nat. Assoc.*, 674 F. App'x 330, 333 (5th Cir. 2016) ("A note holder may even 'unilaterally abandon acceleration after its exercise, so long[ ] as the borrower neither objects to abandonment nor has detrimentally relied on acceleration.'") (quoting *Boren*, 807 F.3d at 105). But many other Texas courts and federal courts applying Texas law have expressed doubts as to whether such an exception exists under Texas law. *See, e.g., Graham*, 2016 WL 6407306, at *4 ("Texas courts have not resolved the question of whether a note holder can unilaterally rescind acceleration over the objection of the debtor or despite the debtor's detrimental reliance on the acceleration[.]"); *Bitterroot Holdings, L.L.C. v. MTGLQ Invs., L.P.*, No. 5:14-CV-862-DAE, 2015 WL 6442622, at *7 (W.D. Tex. Oct. 23, 2015) ("Given that *Swoboda*'s detrimental reliance rule was derived from authority outside of Texas, however, the Court agrees that it is less than clear that the Texas Supreme Court would adopt the same rule."), *aff'd* 648 F. App'x 414 (5th Cir. 2016) (per curiam).

Assuming without deciding that such an exception exists, the Court concludes Jatera has failed to show that it detrimentally relied on the March 2010 Acceleration. Under Texas law, detrimental reliance generally runs to the benefit of the party that actually relied on a promise to its detriment. *See Walker v. Walker*, No. 14-16-00357-CV, 2017 WL 1181359, at *12 (Tex. App.—Houston [14th Dist.] 2017) ("Estoppel requires proof of, among other

15

things, detrimental reliance on the statement *by the party asserting estoppel*.")(emphasis added); *Sandel v. ATP Oil & Gas Corp.*, 243 S.W.3d 749, 753 (Tex. App.—Houston [14th Dist.] 2007) ("To show detrimental reliance, the plaintiff must show that *he* materially changed *his position* in reliance on the promise.")(emphasis added); *Vessels v. Anschutz Corp.*, 823 S.W.2d 762, 765 (Tex. App.—Texarkana 1992, writ denied) ("Ordinarily, estoppel require a showing of detrimental reliance *by the party asserting the theory*.")(emphasis added).

Here, Jatera does not claim that *it* detrimentally relied on the notice of acceleration, but that *Ms. Wooten* detrimentally relied on the notice of acceleration. That alone defeats Jatera's detrimental reliance argument as Jatera cannot prove that it relied to its own detriment on the March 2010 Aceleration. Furthermore, Jatera's contention that Ms. Wooten assigned her claims to Jatera, is unsupported by any evidence and does not save this argument. In fact, the record appears to undermine Jatera's contention, with Ms. Wooten joined in this action and independently seeking a declaratory judgment and asserting a cause of action to quiet title based on her own alleged detrimental reliance.

The Court finds the evidence establishes that Defendants abandoned the March 2010 Acceleration in November 2012 by requesting less than the full amount due and owing well before the expiration of the limitations period.

*See Martin*, 814 F.3d at 318. While Plaintiffs argue that the detrimental reliance exception prevents Defendants from abandoning the acceleration, Plaintiffs failed to present evidence that Jatera itself relied on the acceleration to its own detriment. Accordingly, Plaintiff has failed to show a genuine issue of material fact for trial and Jatera's declaratory judgment claim fails as a matter of law.

### C. Actual Damages and Attorneys' Fees

Lastly, Defendants argue that Plaintiffs' request for actual damages and attorneys' fees should be dismissed "because they have pled no facts or cause of action to support such relief." Plaintiffs have already conceded that attorneys' fees are not recoverable in this lawsuit. As for actual damages, the Court has already concluded that Plaintiffs' substantive claims fail; therefore, summary judgment is appropriate on their claims for relief.

### D. Conclusion

The Court concludes summary judgment in favor of Defendants is appropriate on all of Plaintiffs' claims. The Court **grants** Defendants' motion for summary judgment.

## III. Plaintiffs' Motions for Summary Judgment

Plaintiffs' Motion for Summary Judgment was premised on the argument that Ms. Wooten's detrimental reliance prevented Defendants from unilaterally abandoning the March 2010 Acceleration. In analyzing

Defendants' motion for summary judgment, the Court addressed this issue and concluded that Ms. Wooten lacks standing to bring her claims and Jatera failed to present evidence that it relied on the March 2010 Acceleration to its detriment. Accordingly, for the reasons previously stated, the Court **denies** Plaintiffs' motion for summary judgment.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' Motion for Summary Judgment and **GRANTS** Defendants' Motion for Summary Judgment.

**SO ORDERED.**

Signed September 7th, 2017.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE